**Not For Publication in West's Federal Reporter**
**Citation Limited Pursuant to 1st Cir. Loc. R. 32.3**

# United States Court of Appeals
## For the First Circuit

No. 05-1936

JOSÉ A. RAMOS-RODRÍGUEZ; NYDIA RAMOS-MARTÍNEZ,

Plaintiffs, Appellants,

v.

PEDRO A. TOLEDO-DÁVILA, Superintendent, Puerto Rico Police
Department; PABLO SANTIAGO-GONZÁLEZ, Inspector General, Puerto
Rico Police Department; COMMONWEALTH OF PUERTO RICO,

Defendants, Appellees.

———————————

ON APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

[Hon. Raymond L. Acosta, U.S. District Judge]

———————————

Before

Howard, Circuit Judge,
Baldock* and Stahl, Senior Circuit Judges.

———————————

John Ward-Llambias on brief for appellants.
Salvador J. Antonetti-Stutts, Solicitor General, Mariana D.
Negrón-Vargas, Deputy Solicitor General, Maite D. Oronoz-Rodríguez,
Deputy Solicitor General, and Rosa Elena Pérez-Agosto, Assistant
Solicitor General, on brief for appellees.

———————————

November 17, 2006

———————————

———————————

* Of the Tenth Circuit, sitting by designation.

**STAHL**, **Senior Circuit Judge**.    Having considered the parties' briefs and the record below, we affirm the district court's grant of summary judgment in this case, for substantially the reasons outlined in the district court's careful opinion.

Appellants, both members of the Puerto Rico Police Department (PRPD), brought suit against the Superintendent and Inspector General of the PRPD and against the Commonwealth, for civil rights violations under 42 U.S.C. § 1983.  Ramos-Rodriguez alleges that he was denied due process when he was not promoted to First Lieutenant, and together they allege their right to association was violated when the PRPD investigated whether they were conducting an intimate relationship at the police station.  We review a grant of summary judgment de novo.  Mulloy v. Acushnet Co., 460 F.3d 141, 145 (1st Cir. 2006).  Ramos-Rodriguez's due process claim does not survive summary judgment because, viewing the facts in the light most favorable to him, he has failed to allege a viable property interest in receiving a promotion.  Stuart v. Roache, 951 F.2d 446, 455 (1st Cir. 1991).  Puerto Rico law does not permit promotion of a police officer where he has outstanding disciplinary complaints.  25 P.R. Laws Ann. § 3114(d) (2003). Here, it is uncontested that Ramos had at least two, and up to seven, complaints pending against him on each of the three relevant promotion dates.  In addition, Ramos-Rodriguez's allegation that

the PRPD had a practice of lodging anonymous complaints to prevent promotions simply is not supported by the record.

Appellants also argue that "both plaintiffs have been deprived of a federally protected right to privacy by undue surveillance and harassment." Appellants' Brief at 14. However, appellants expend only two sentences of their brief on this argument, one in the Statement of Issues and one in the Conclusion. With such a paucity of argumentation, appellants have waived this issue. United States v. Zannino, 895 F.2d 1, 17 (1st Cir. 1990) ("[I]ssues adverted to in a perfunctory manner, unaccompanied by some effort at developed argumentation, are deemed waived.").

Affirmed.